IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| CHRISTOPHER CORTEZ and IZEL MCNEIL,<br><br>          Plaintiffs,<br><br>-vs-<br><br>WINDOWS, DOORS, SHUTTERS AND MORE, LLC d/b/a FORCEFIELD HURRICANE PROTECTION SYSTEMS, and HARRIS BOWERS, Individually,<br><br>          Defendants. | Case No.: |

## COMPLAINT UNDER FAIR LABOR STANDARDS ACT AND DEMAND FOR JURY TRIAL

Plaintiffs, CHRISTOPHER CORTEZ ("CORTEZ") and IZEL MCNEIL ("MCNEIL"), sue Defendants, WINDOWS, DOORS, SHUTTERS AND MORE, LLC d/b/a FORCEFIELD HURRICANE PROTECTION SYSTEMS ("FORCEFIELD"), and HARRIS BOWERS ("BOWERS"), Individually, and state:

### NATURE OF ACTION

1. Plaintiffs bring this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*("FLSA").

2. Plaintiffs allege Defendants violated 29 U.S.C. § 207 of the FLSA by failing to pay Plaintiffs overtime wages.

3. Plaintiffs also allege Defendants violated the FLSA by shifting business expenses to Plaintiffs in violation of 29 C.F.R. § 531.35. Thus, in overtime workweeks, Plaintiffs did not receive their wages "free and clear."

## PARTIES

4. **Plaintiff CORTEZ** was employed by Defendants as an installer from April 2022 until his termination on October 21, 2022.

5. **Plaintiff MCNEIL** was employed by Defendants as an installer from May 2021 until July 2022.

6. **Defendant FORCEFIELD** is a Florida Limited Liability Company, with its principal place of business located at 2265 Tamiami Trail, Port Charlotte, FL 33952.

7. **Defendant BOWERS** was, at all times material, the owner and manager of FORCEFIELD. Upon information and belief, BOWERS is a resident of Charlotte County, Florida.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the FLSA.

9. The Middle District of Florida, Fort Myers Division, is the proper venue because the Defendants are in Port Charlotte, Florida, where Defendants employed Plaintiffs as installers.

## FLSA COVERAGE

*Enterprise Coverage*

10. At all times material to this action, Defendants were Plaintiffs' "employer" within the meaning of the FLSA.

11. At all times material, Defendants employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

12. At all times material, Defendants had gross sales volume of at least $500,000 annually.

*Individual Coverage*

13. At all times material, Plaintiffs were "engaged in commerce" and are individually covered under the FLSA.

14. At all times material, the work performed by the Plaintiffs was essential to the business conducted by Defendants.

15. The products and materials used by Plaintiffs on a regular and recurrent basis were supplied by Defendants and moved directly through interstate commerce.

16. To further Defendants business purpose, Plaintiffs regularly and recurrently communicated with customers and prospective customers outside of the state of Florida.

17. To further Defendants business purpose, Plaintiffs regularly and recurrently communicated with vendors and suppliers outside of the State of Florida.

*Individual Liability – Defendant BOWERS*

18. At all times material hereto, BOWERS was the Owner/Manager of FORCEFIELD.

19. At all times material, BOWERS regularly held and/or exercised the authority to hire and fire employees, to determine the work schedules for the employees, and to control the finances and operations of FORCEFIELD.

20. By virtue of having held and/or exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of FORCEFIELD, BOWERS is an employer as defined by 29 U.S.C. § 201, et. seq.

## FACTS

21. FORCEFIELD sells, manufactures, and installs hurricane protection products, including windows, doors, screens, and shutters.

22. In approximately May 2021, Defendants hired Plaintiff MCNEIL as an "installer." Plaintiff MCNEIL was employed in this position through July 2022.

23. In approximately April 2022, Defendants hired Plaintiff CORTEZ as an "installer." Plaintiff CORTEZ was employed in this position through October 21, 2022.

24. On average, Plaintiffs worked approximately ten to eleven hours per day, five days per week. Plaintiffs were required to begin and end their day in Defendants' shop in Port Charlotte.

25. Plaintiffs performed the customary duties of an installer, performing manual labor to install Defendants' hurricane protection products in customers' homes.

26. As compensation for their work, Plaintiffs were paid on a piece rate basis.

27. Although Plaintiffs were required, permitted, or encouraged to work more than forty hours per week, they were not paid overtime.

28. Plaintiffs were required to provide their own tools of the trade including but not limited to:

    a. Impact guns, some power tools and accessories
    b. Hand tools

29. Defendants mandated that Plaintiffs purchase and use these tools and materials without reimbursement.

30. As a result, Plaintiffs did not receive their wages "free and clear" in workweeks in which they worked more than 40 hours.

## STATEMENT OF CLAIM
## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

31. All previous paragraphs are incorporated as though fully set forth herein.

32. Plaintiffs worked more than forty (40) hours in one or more workweeks.

33. Defendants failed or refused to compensate Plaintiffs overtime wages calculated at 1.5 times the regular rate for all hours worked.

34. Defendants violated 29 U.S.C. § 207 of the FLSA by failing to pay overtime wages to Plaintiffs.

35. Defendants also violated the FLSA by shifting business expenses to Plaintiffs, failing to reimburse for these expenses, and causing Plaintiffs not to receive their wages "free and clear" in workweeks in which they worked more than 40 hours.

36. Defendants knew its policy and practice for installer compensation violated the FLSA overtime provisions. Defendants acted willfully or with reckless disregard of the FLSA because Defendants knew its practice violated the law and continued implementing the unlawful practice.

37. Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek unpaid overtime compensation plus liquidated damages in an equal amount.

WHEREFORE, Plaintiffs respectfully request the following relief:

    a. A declaration that Defendants have violated the overtime provisions of 29 U.S.C. § 207;

    b. Unpaid overtime wages;

    c. Reimbursement of expenses incurred in overtime workweeks;

    d. Liquidated damages;

    e. Attorney fees and costs pursuant to 29 U.S.C. § 216(b);

    f. Any other relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right.

Dated: December 9, 2022

                                        Respectfully submitted,

                                        <u>/s/ Jason L. Gunter</u>
                                        Jason L. Gunter
                                        Fla. Bar No. 0134694
                                        Email: Jason@GunterFirm.com
                                        Conor P. Foley
                                        Fla. Bar No. 111977
                                        Email: Conor@GunterFirm.com

                                        **GUNTERFIRM**
                                        1514 Broadway, Suite 101
                                        Fort Myers, FL 33901
                                        Tel: 239.334.7017